UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRAD TAYLOR,

    Plaintiff,

    v.

PACIFIC HARVEST PRODUCTS, LLC,

    Defendants

Case No. C09-0209RSL

ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND ORDER TO SHOW CAUSE

This matter comes before the Court on plaintiff's motion for entry of default judgment against defendant Pacific Harvest Products, LLC (Dkt. #4). Plaintiff has not sought and the Court has not entered default against defendant. Therefore, plaintiff's motion for entry of default judgment is premature and is DENIED. See Local Rule 55(b) ("No motion for judgment by default should be filed against any party unless the court has previously granted a motion for default against that party pursuant to CR 55(a) or unless default otherwise has been entered.").

If plaintiff seeks an order of default, he should file a motion for entry of default pursuant to Local Rule 55(a). If that motion is successful, he can subsequently file a motion for entry of default judgment pursuant to Local Rule 55(b).

ORDER DENYING MOTION
FOR DEFAULT JUDGMENT AND
ORDER TO SHOW CAUSE - 1

Before moving for default, plaintiff must satisfy his burden of establishing that the Court has jurisdiction over this matter. Plaintiff's complaint alleges that this Court has jurisdiction based on the diversity of citizenship of the parties. <u>See</u> 28 U.S.C. § 1332(a) (establishing that the federal court's basic diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States."). "For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest." <u>Kuntz v. Lamar Corp.</u>, 385 F.3d 1177, 1181 (9th Cir. 2004) (internal citation omitted). In examining whether complete diversity is present, the citizenship of a limited liability company is determined by examining the citizenship of the owners/members. <u>See</u> <u>Johnson v. Columbia Props. Anchorage, LP</u>, 437 F.3d 894, 899 (9th Cir. 2006) (holding that "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

The complaint, however, is devoid of any allegations about the citizenship of the parties. Nor does it allege the citizenship of each owner/member of defendant's LLC. Therefore, plaintiff has failed to meet his burden to establish the basis of the Court's jurisdiction. <u>See</u> <u>Indus. Tectonics, Inc. v. Aero Alloy</u>, 912 F.2d 1090, 1092 (9th Cir. 1990) ("The party asserting jurisdiction has the burden of proving all jurisdictional facts"); Fed R. Civ. P. 12(h)(3) ("If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). As a result, plaintiff is ORDERED TO SHOW CAUSE why the Court should not dismiss this action for lack of subject matter jurisdiction by providing the Court with the citizenship of the parties, including all of Pacific Harvest LLC's owners/members, by June 5, 2009. The Clerk of

1  the Court is directed to place this order to show cause on the Court's calendar for June 5,
2  2009.

4       DATED this 14th day of May, 2009.

           *MRT S Lasnik* (signature)
           Robert S. Lasnik
           United States District Judge

ORDER DENYING MOTION
FOR DEFAULT JUDGMENT AND
ORDER TO SHOW CAUSE - 3